PRIEUR & LABATUT *vs.* THE PRESIDENT AND DIRECTORS OF THE COMMERCIAL BANK OF NEW-ORLEANS.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

In a suit, claiming of the defendants the right to exercise a certain office, withheld from them, the plaintiffs, with a view of securing the right to appeal, in case the judgment is adverse to their pretensions, may claim damages to an amount sufficient to give the appellate court jurisdiction.

The board of directors of the Commercial Bank of New-Orleans, is required by its charter, to consist of thirteen members, eleven to be chosen by the ordinary stockholders, and two by the city council, the city also being a stockholder: *Held,* that according to the charter, there is no distinction among the directors; they *all* have the right of voting, to fill all vacancies that may happen in either class of directors, in the board of which they are all members.

Where certain directors of a bank are refused by the majority, to exercise the rights in the board, appertaining to their office as directors, the court will award a *mandamus,* commanding that the prohibited directors be restored to the exercise of their rights.

In this case, the plaintiffs petitioned the District Court for a *mandamus,* directed to the president and directors of the Commercial Bank of New-Orleans, commanding them to allow the plaintiffs, who are the directors appointed on the

EASTERN DIST.
January, 1835.

PRIEUR ET AL.
vs.
COMMERCIAL
BANK.

part of the city council of New-Orleans, to vote as any other directors in said board, to fill all vacancies that have and may happen, as is authorised by the charter; and that the board of directors be enjoined from proceeding in any election, until these petitioners are heard in court, their rights as. directors recognised, and they admitted to the full exercise thereof.

The counsel for the Bank answered the petition, and averred that the eleven directors elected by the stockholders, have the exclusive right to fill all vacancies happening in that class of directors, and in which the directors appointed by the city council of New-Orleans cannot participate.

The charter of the bank provides, that the board shall consist of thirteen directors, eleven of whom to be chosen by the ordinary stockholders, and two by the city council of New-Orleans, the city being also a stockholder, to the amount of five thousand shares.

The district judge was of opinion, that by the 8th section of the charter "the power of filling vacancies in the board of directors is vested entirely in the board, in which all the directors participate equally," granted *the mandamus* as prayed for. The president and remaining directors appealed.

*Eustis*, for the petitioners and appellees.

*Conrad*, contra.

*Martin J.*, delivered the opinion of the court.

In this case, "the president and directors of the Commercial Bank of New-Orleans," are appellants from the decision of the District Court, by which they are commanded to allow the plaintiffs and appellees, (who are the directors appointed by the city council of New-Orleans) to vote as directors, for filling a vacancy, which has occurred in the board of directors of that institution.

The appellees pray that the appeal be dismissed, on the ground that the matter in dispute does not authorise an appeal, inasmuch as it is not susceptible of being appraised

and estimated in money, and therefore *non-constat*, that its value is less than that which authorises this court to act.

It is the misfortune of the appellees, probably, that with the view of securing to themselves the right of having the judgment of the District Court examined in this, in case it was adverse to their pretentions, they have claimed damages to the amount of four hundred dollars. The appeal must therefore be sustained.

On the merits of the case, it appears to us that the judgment of the District Court is perfectly correct.

The 8th section of the act of incorporation of the Commercial Bank, provides "that in case of the death, resignation, failure, or removal from the state of any director, his place shall be filled by a new choice, made by the directors, for the remainder of the year."

The 3d and 6th sections provide for the election of *thirteen* directors by the stockholders. By the 21st section, the city council of New-Orleans is authorised to appoint two directors out of the thirteen, provided by the 3d and 6th sections, and the remaining *eleven* continue to be appointed by the rest of the stockholders, the city subscribing for five thousand shares.

One of the eleven directors appointed by the common stockholders, vacated his seat. The board of directors proceeded under the charter, to make choice of a director, to fill the vacancy for the remainder of the year, and the plaintiffs being the two directors sitting by appointment from the city council, claimed the right of voting in common with the other members of the board. This was refused by a majority of the board of directors. They immediately applied to the District Court for a *mandamus*, which was granted, directing the board to allow the directors appointed by the city council, the right of voting as other directors.

If the decision awarding the *mandamus* be incorrect, and if the directors elected by the ordinary stockholders, are entitled to exclude those appointed by the city council, when one of the former vacates his seat, it must follow that these directors are in their turn incapacitated to vote, if one of the two directors of the city vacates his seat, and that the remain-

EASTERN DIST.
January, 1835.

PRIEUR ET AL.
vs.
COMMERCIAL
BANK.

In a suit claiming of the defendants the right to exercise a certain office, withheld from them, the plaintiffs, with a view of securing the right to appeal in case the judgment is adverse to their pretensions, may claim damages to an amount sufficient to give the appellate court jurisdiction.

Where certain directors of a bank are refused by the majority, to exercise the rights in the board appertaining to their office as directors, the court will award a *mandamus* commanding that the prohibited directors be restored to the exercise of their rights.

The board of directors of the Commercial Bank of New-Orleans is required by its charter to consist of thirteen members, eleven to be chosen by the ordinary stockholders and two by the city council, the city also being a stockholder: *Held,* that according to the charter there is no distinction

EASTERN DIST. ing one alone is to fill the vacancy. This cannot be, as no
*January*, 1835. individual director can alone constitute a board.

WRIGHT        The act of incorporation has made no such distinction.
*vs.*
M'NAIR ET ALS. All vacancies in the board are to be filled up in the same
among the direc- manner, *i. e.*, by the board of directors, which is composed of
tors; they *all*
have the right of thirteen members.
voting to fill all        No recourse is provided for a recurrence to the original
vacancies that
may happen in electors, that is to say, the stockholders or the city council,
either class of
directors in the in order to fill an accidental vacancy.
board of which
they are all
members.        It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be affirmed, with costs.