———o———

## No. 6320.

## DR. LAMBERT E. PORREE vs. CO-OPERATOR'S FRATERNAL BENEVOLENT MUTUAL AID ASSOCIATION.

### Syllabus.

In considering whether a petition discloses a cause of action all the allegations of the petition must be taken as true.

Appeal from the Civil District Court for the Parish of Orleans,, Division "C," No. 109,658. Honorable E. K. Skinner, Judge.

A. A. 'Colonge, A. J. Peters, for plaintiff and appellant.

J. M. Vance, for defendant and appellee.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

Plaintiff alleges that he was duly elected physician of the defendant association to serve for the term of one year at a salary of $169 per annum.

That before the expiration of his said term, and during his absence, without a trial, without notice to him, and even without charges preferred against him, the president of said association without formality of any kind and without right whatsoever, declared his office vacant and proceeded to name his successor.

Wherefore he prays that a mandamus issue to the defendant corporation, directing it to reinstate him as its physician to serve out the remainder of his term of office.

The trial Judge thought that the mandamus would not lie; that the petition disclosed a mere breach of contract for which the proper remedy was an action for damages.

That a mandamus will lie to reinstate an officer in a private corporation, improperly excluded from the exercising his functions, is not an open question.

> Prieur vs. Commercial Bank, 7 La., 509; State ex rel. Weingart vs. Board of Officers, 129 North Western Reporter, p. 630; People vs. Albany Medical College, 62 Howard (N. Y.) Practice Report, 220; also Decennial Digest, Verbo Mandamus, Section 128.

The trial Judge thought, however, that a "physician employed by the year by a corporation * * * is not such an officer as would entitle him to a mandamus reinstating him."

But in consideration whether this petition discloses a cause of action the allegations that plaintiff holds an "office" in the defendant corporation, should be taken as true.

Of course, in a trial on the merits, this declaration unsupported by evidence, would not suffice. But if it were shown that the position is one created by the by-laws of the association, and reserved to a member thereof; that the method of election, term and compensation have been fixed in such by-laws and not by agreement with plaintiff, it might go far to show an "office," rather than a contract of employment.

But as to this, of course we express no opinion, mentioning it merely by way of illustrating the reason why the case should be tried on the merits and evidence heard as to the character of plaintiff's position in the corporation.

It is, therefore, ordered that the judgment appealed from be reversed, that the exceptions herein be overruled, and that the case be remanded for a trial on the merits and according to law; defendant to pay the costs of this appeal, and the costs of the Court below to await the final judgment.

Opinion and decree, February 17th, 1915.

Rehearing refused, March 15th, 1915.